```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
PEDRO LOPEZ, CESAR GUZMAN,           :   12 Civ. 8111 (JCF)
RAQUEL ROMERO, JUAN VICTOR           :
JIMENEZ and JORGE PAREDES,           :       MEMORANDUM
individually and on behalf of        :       AND  ORDER
others similarly situated,           :
                                     :
               Plaintiffs,           :
                                     :
     - against -                     :
                                     :
TRAFFIC BAR AND RESTAURANT INC.      :
(d/b/a TRAFFIC BAR AND RESTAURANT),  :
CHRIS FOLEY, JOEY MORGAN, MICHAEL    :
O'NEIL, MEAGAN PUGH, and PAUL        :
VALENTI,                             :
                                     :
               Defendants.           :
- - - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

The plaintiffs filed this collective action in November 2012, claiming that while they were employed at Traffic Bar and Restaurant, Inc. ("Traffic Bar"), they were paid wages below those required by the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). When the amended complaint went unanswered, the Honorable Alvin K. Hellerstein, U.S.D.J., entered judgment by default. Subsequently, the parties consented to proceed before me for all purposes under 28 U.S.C. § 636(c). The defendants[1] now move to vacate the default judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, and for a preliminary injunction and temporary restraining order enjoining enforcement of the

---

[1] The remaining defendants are Traffic Bar, Chris Foley, Joey Morgan, Meagan Pugh, and Paul Valenti. Defendant Michael O'Neill has settled the plaintiffs' claims against him. (Declaration of Michael A. Faillace dated Oct. 31, 2014 ("Faillace Decl."), ¶ 23).

1

default judgment. For the reasons that follow, the motion is denied as to the individual defendants, and judgment is deferred as to the corporate defendant pending an evidentiary hearing.

Background

The plaintiffs allege that between May 2009 and May 2013, they were employed by Traffic Bar, an establishment owned by the individual defendants with one location at 701 Ninth Avenue and another at 986 Second Avenue, both in Manhattan. (Plaintiff's Memorandum of Law in Opposition to the Defendants' Motion to Vacate Default Judgment ("Pl. Memo.") at 3). On March 9, 2013, they served copies of the amended complaint and summons on all defendants by hand delivery to a bartender at the Second Avenue restaurant location, by mail delivery to the Second Avenue location (the individual defendants' place of work), and by mail delivery to 501 Madison Avenue, Room 301, which was registered as the corporation's business address. (Pl. Memo. at 3; Affidavits of Service of Summons and Amended Complaint, attached as Exhibits 4-13 to Faillace Decl.). As noted, no answer was filed, and the plaintiffs moved for entry of a default judgment. (Pl. Memo. at 3-4). The plaintiffs' motion was served by mail to both locations of Traffic Bar and to all residential addresses associated with the individual defendants' names in New York City, Nassau County, and Suffolk County. (Pl. Memo. at 4). The defendants did not oppose the plaintiff's motion, and judgment by default was entered. (Order dated Nov. 15, 2013).

When the plaintiffs sought to enforce the judgment, the

2

defendants received levy notices from the Marshal of the City of New York (Declaration of Chris Foley dated April 18, 2014 ("Foley Decl."), ¶ 3) and filed the instant motion.  The defendants assert that they never received the amended complaint or summons and were not aware of the action until they received the levy notices. (Defendants' Memorandum of Law in Support of Order to Show Cause With Temporary Restraining Order ("Def. Memo.") at 4-6; Foley Decl., ¶ 3; Declaration of Paul Valenti dated April 18, 2014 ("Valenti Decl."), ¶ 3; Declaration of Meagan Pugh dated April 18, 2014 ("Pugh Decl."), ¶ 3; Declaration of Joey Morgan dated April 18, 2014 ("Morgan Decl."), ¶ 3).  They claim that the summons and complaint were in fact served at 323 Second Avenue, which is not associated with Traffic Bar, and then at 501 Madison Avenue, and that Traffic Bar "has not used 501 Madison Avenue, New York, New York as its mailing address for a few years."  (Foley Decl., ¶¶ 5-6; Morgan Decl., ¶¶ 5-6; Valenti Decl., ¶¶ 5-6; Pugh Decl., ¶¶ 5-6).  They further contend that, were the default judgment to be vacated, they would present a meritorious defense to the plaintiffs' claims based on all employees having been paid the wages required by federal and state law (Foley Decl., ¶ 14; Morgan Decl., ¶ 14; Valenti Decl., ¶ 14; Pugh Decl., ¶ 13), and on a lack of any records establishing that any of the named plaintiffs worked at either Traffic Bar location (Foley Decl., ¶ 11; Morgan Decl., ¶ 11; Valenti Decl., ¶ 11; Pugh Decl., ¶ 11).

Discussion

    Under Rule 60(b) of the Federal Rules of Civil Procedure, a

district court may grant relief from a judgment due to "mistake, inadvertence, surprise, or excusable neglect," among other grounds.

The decision of whether to vacate a default judgment is "addressed to the sound discretion of the district court." New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005) (quoting State Street Bank & Trust Co. v. Inversiones Errazuriz Limitada, 347 F.3d 158, 166 (2d Cir. 2004)). Consideration of whether to vacate a default judgment is "guided by three principal factors: (1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause the nondefaulting party prejudice." Green, 420 F.3d at 108 (quoting State Street Bank, 374 F.3d at 166-67). Because courts have consistently expressed a "preference for resolving disputes on the merits, doubts should be resolved in favor of the defaulting party." Powerserve International, Inc. v. Lavi, 239 F.3d 508, 514 (2d Cir. 2011) (internal quotation marks omitted).

    A.   Willfulness

The Second Circuit has interpreted "willfulness" in the context of a default to mean conduct that is more than merely negligent. See Securities and Exchange Commission v. McNulty, 137 F.3d 732, 738 (2d Cir. 1998); Gonzalez v. City of New York, 104 F. Supp. 2d 193, 195 (S.D.N.Y. 2000). Conduct may be deemed "willful" if it is "egregious" or "not satisfactorily explained." Gonzalez, 104 F. Supp. 2d at 196. Thus, willfulness may be found where, for example, an attorney has "thoroughly neglected" the client's case,

Schwarz v. United States, 384 F.2d 833, 836 (2d Cir. 1967) (cited in American Alliance Insurance Co. v. Eagle Insurance Co., 92 F.3d 57, 61 (2d Cir. 1996)); however, mere "carelessness" will not suffice, American Alliance, 92 F.3d at 60 n.1.  At the same time, the Second Circuit has recognized "that the degree of negligence in precipitating a default is a relevant factor to be considered, along with the availability of a meritorious defense and the existence of prejudice, in determining whether a default judgment should be vacated and whether failure to do so exceeds allowable discretion."  Id. at 61.

Here, the defendants claim that their default was not willful because they were never served with process and were not even made aware of the lawsuit until they received levy notices.  (Def. Memo. at 6; Foley Decl., ¶ 3).

      1.   Individual Defendants

Rule 4(e) of the Federal Rules of Civil Procedure governs service of process on an individual.  According to that rule, a person may be served by, among other means, "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]"  Fed. R. Civ. P. 4(e)(1).  In New York, service may be accomplished by personal delivery to the individual to be served.  N.Y. C.P.L.R. ("CPLR") § 308(1).  Alternatively, and in conjunction with service by mail of a second copy of the summons to the individual at their last known dwelling or actual place of business, service may be made: (1) on "a person of suitable age and

discretion at the actual place of business, dwelling place, or usual place of abode of the person to be served"; (2) on an agent of the individual; or (3) by affixing process to the door of the individual's home or business.  CPLR § 308(2)-(4).  This last method is commonly referred to as "nail and mail" and may be resorted to only if neither personal nor substitute service can be made with due diligence.  CPLR § 308(4).

An affidavit of service is prima facie proof of effective service.  Gore v. RBA Group, Inc., No. 03 Civ. 9442, 2009 WL 884565, at *4 (S.D.N.Y. March 27, 2009); Fifth Third Bank v. Mytelka, No. 05 MC 52, 2008 WL 3852170, at *2 (E.D.N.Y. Aug. 16, 2008); Polygram Merchandising, Inc. v. New York Wholesale Co., No. 97 Civ. 6489, 2000 WL 23287, at *2 (S.D.N.Y. Jan. 13, 2000).  Here, the process server submitted affidavits in which he attested to making substitute service on all individual defendants through the bartender, identified as "Hugh 'Doe,'" at the 986 Second Avenue Traffic Bar location (Affidavits of Service of Summons and Amended Complaint, attached as Exhs. 4-8 to Faillace Decl.), and by mail to the same location (Exhs. 5-8 to Faillace Decl.).  As the defendants admit that 986 Second Avenue is one of their restaurant locations and the location at which they receive their mail (Foley Decl., ¶¶ 7-8), and as the bartender is presumably of suitable age and discretion, see, e.g., Melton v. Brotman Foot Care Group, 198 A.D.2d 481, 481, 604 N.Y.S.2d 203, 204 (2d Dep't 1993) (finding office assistant to be of suitable age and discretion); Wells Fargo Bank Minnesota v. Roman, 10 Misc. 3d 1075(A), 814 N.Y.S.2d 893

6

(Table), at *1 (N.Y. Sup. Ct. 2006) (finding it well established that a "person of suitable age need not be an adult" as long as they "can be expected to advise the defendant of the service"), these affidavits present strong evidence that the individual defendants were properly served.

Of course, an opposing party may contest the representations set forth in an affidavit of service. See Gore, 2009 WL 884565, at *4; Fifth Third Bank, 2008 WL 3852170, at *2. Here, the defendants have done so, but have provided no support for their conclusory statements. They claim that service was made to 323 Second Avenue rather than 986 Second Avenue (Foley Decl., ¶¶ 5-6) but do not provide any basis for this belief, and they acknowledge that 986 Second Avenue -- the address that appears on the process server's affidavits -- is the location where Traffic Bar receives its mail (Foley Decl., ¶ 7). Furthermore, they do not dispute that the bartender Hugh "Doe" is of suitable age and discretion to accept service on behalf of an individual.

In light of the evidence that process was properly served on the individual defendants, their default was willful.

### 2. Corporate Defendant

It is less clear whether process was properly served on Traffic Bar. Pursuant to Rule 4(h) of the Federal Rules of Civil Procedure, a corporation may be served by delivering a copy of the summons and complaint to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and -- if the agent is one authorized by statute

and the statute so requires -- by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(B).

The process server attests to having served the corporation by mail to its registered business address, 501 Madison Avenue, Suite 301 (Exhs. 9-13 to Faillace Decl.), and by personal delivery to bartender "Hugh 'Doe,'" whom he "knew to be a managing agent thereof," at the 986 Second Avenue Traffic Bar location (Affidavits of Service of Summons and Amended Complaint, attached as Exhs. 4-8 to Faillace Decl.). However, the affidavit does not set forth any basis for the process server's belief that Mr. Doe was a managing agent. The defendants, in turn, do not deny that they employed a man fitting Mr. Doe's description, or that Mr. Doe was a managing agent. They simply maintain that process was never served at 986 Second Avenue at all (Foley Decl., ¶¶ 5-6) and that Traffic Bar has not used 501 Madison Avenue as its business address "for a few years" (Foley Decl., ¶¶ 5-6).[2]

Neither party has provided the Court with sufficient information to evaluate whether Traffic Bar was properly served through Mr. Doe. A managing agent or general agent is a "person invested by the corporation with general powers involving the

---

[2] Notably, the defendants do not provide any evidence that the address is no longer registered with the Department of State as Traffic Bar's business address, nor do they volunteer a more recent business address. If the defendants in fact ceased receiving mail at this location without notifying the Secretary of State for the purpose of receiving process, that alone could establish willfulness. See Miller v. Collectron Corp., No. 98 CV 2221, 1999 WL 730981, at *5 (E.D.N.Y. Sept. 16, 1999) (finding willful neglect where "even with knowledge, or at least willful ignorance, of . . . an impending lawsuit, [defendant] made no effort to notify anyone, including the Secretary of State, of its new address").

exercise of judgment and discretion, as distinguished from an ordinary agent or attorney, who acts in an inferior capacity and under the direction and control of superior authority, both in regard to the extent of his duty and the manner of executing it." Vistra Trust Co. v. Stoffel, No. 08 Civ. 2844, 2008 WL 5454126, at *7 (S.D.N.Y. Dec. 29, 2008) (quoting Taylor v. Granite State Provident Association, 136 N.Y. 343, 346, 32 N.E. 992, 993 (1893)). However, the New York Court of Appeals has opined that when an employee accepts service despite not having been expressly authorized by the corporation to do so, the service should be sustained as long as it is "made in a manner which, objectively viewed, is calculated to give the corporation fair notice." DCH Auto Group (USA), Inc. v. Fit You Best Automobile, Inc., No. 05 CV 2973, 2007 WL 2693848, at *3 (E.D.N.Y. Sept. 12, 2007) (quoting Fashion Page, Ltd. v. Zurich Insurance Co., 50 N.Y.2d 265, 271, 428 N.Y.S.2d 890, 406 N.E.2d 747 (1980)). It is not possible to determine based on the information provided whether Mr. Doe was a managing agent or whether the decision to serve him with process, "objectively viewed, [was] calculated to give the corporation fair notice." DCH Auto Group, 2007 WL 2693848, at *3. Therefore, I will hold an evidentiary hearing on the issue of service with respect to the corporate defendant alone.

    B.    Meritorious Defense

Although "[a] finding of willfulness is typically enough to let an entry of default stand[,]" I will nonetheless examine the remaining two elements of the test to determine whether vacatur of

9

the judgment by default against the individual defendants is appropriate. Chudomel v. Dynamic Recovery Services, Inc., No. 12 CV 5365, 2013 WL 5970613, at *4 (E.D.N.Y. Nov. 8, 2013); accord W.B. David & Co. v. De Beers Centenary AG, 507 F. App'x 67, 69-70 (2d Cir. 2013).

In order to establish a meritorious defense sufficient to warrant vacating a default, a defendant need not prove the defense conclusively. See McNulty, 137 F.3d at 740; Gonzalez, 104 F. Supp. 2d at 197. Rather, the defendant need only present facts that "if proven at trial, would constitute a complete defense." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 98 (2d Cir. 1993). A defaulting defendant must "present more than conclusory denials when attempting to show the existence of a meritorious defense." Pecarsky v. Galaxiworld.com, Ltd., 249 F.3d 167, 173 (2d Cir. 2001); accord Sony Corp. v. Elm State Electronics, Inc., 800 F.2d 317, 320 (2d Cir. 1986). Such a defendant must "articulate a defense with a degree of specificity which directly relates that defense to the allegations set forth in the plaintiff's pleadings and raises a serious question as to the validity of those allegations." FedEx TechConnect, Inc. v. OTI, Inc., No. 12 Civ. 1674, 2013 WL 5405699, at *8 (S.D.N.Y. Sept. 23, 2013) (internal quotation marks omitted).

Here, the defendants have provided sworn declarations that assert that the plaintiffs were never employed by Traffic Bar and that all Traffic Bar employees were paid the minimum wage. (Foley Decl., ¶¶ 11, 14; Morgan Decl., ¶¶ 11, 14; Valenti Decl., ¶¶ 11,

10

14; Pugh Decl., ¶¶ 11-13). Though far from detailed, such facts are sufficient to establish a meritorious defense for the purpose of a motion to vacate default judgment, as they would constitute a complete defense to the plaintiffs' claims if proven at trial.

    C.   <u>Prejudice</u>

In considering whether a plaintiff would be prejudiced if an entry of default were vacated, the court must take into account more than mere delay or passage of time. See <u>Davis v. Musler</u>, 713 F.2d 907, 916 (2d Cir. 1983) ("[D]elay alone is not a sufficient basis for establishing prejudice."). Rather, it must be shown that the delay "may thwart [the] plaintiff's recovery or remedy," or "result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." <u>Green</u>, 420 F.3d at 110 (quoting 10A Charles A. Wright, et al., Fed. Practice & Procedure: Civil § 2699, at 169 (3d ed. 1998)).

The plaintiffs assert that if the judgment is vacated, their recovery will likely be thwarted because the defendants are presently defending against two other lawsuits, one of which has already "reached a settlement in principle." (Pl. Memo. at 9). Given that Traffic Bar has now closed and is therefore no longer profitable, the plaintiffs reasonably express concern that the individual and corporate defendants may be judgment-proof by the conclusion of this litigation. (Pl. Memo. at 8-9). The defendants do not refute this argument or address the issue of recovery at all, merely relying on the conclusory statement that "there is no conceivable set of facts where the passage of a few months would

result in the loss of evidence, increased difficulties of discovery, or a greater opportunity for fraud or collusion." (Def. Memo. at 7). Accordingly, I find this factor to weigh against vacating the default judgment.

Conclusion

Because the individual defendants' default was willful and because the plaintiffs would be prejudiced by vacatur, the defendants' motion (Docket no. 40) is denied with respect to the individual defendants. As the default judgment remains in place, the application for a preliminary injunction and temporary restraining order is denied. An evidentiary hearing will be scheduled to determine whether Traffic Bar's default was willful.

SO ORDERED.

*/s/ James C. Francis IV*
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:   New York, New York
         February 9, 2015

12

Copies transmitted this date:

Jonathon D. Warner, Esq.
Warner & Scheuerman
6 W. 18th St., 10th Floor
New York, NY 10011

Michael A. Faillace, Esq.
Michael Faillace & Assocs., P.C.
60 E. 42nd St.
Suite 2020
New York, NY 10165

James R. Costo, Esq.
Law Office of James Costo
32 Broadway
New York, NY 10004